**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JULIO AGUILAR, | ) | |
| | ) | Case No.  5:15-cv-00654 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| VIKING CLIENT SERVICES, INC., | ) | |
| | ) | **JURY DEMANDED** |
| Defendant. | ) | |

Now comes the Plaintiff, JULIO AGUILAR, by and through his attorneys, and for his Complaint against the Defendant, VIKING CLIENT SERVICES, INC., Plaintiff alleges and state as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d). This jurisdiction includes supplemental jurisdiction with respect to any pendent state law claims.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

**PARTIES**

4.      Plaintiff is an individual who was at all relevant times residing in San Antonio, Texas.

5.      Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

6.      At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7.      The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8.      On information and belief, Defendant is a corporation of the State of Minnesota, which is licensed to do business in Texas, and which has its principal place of business in Eden Prairie, Minnesota.

## STATEMENTS OF FACTS

9.      On or about June 2, 2015, Defendant caused a collection letter to be mailed to Plaintiff's home.

10.     In response to said letter, a request of validation of debt was sent to Defendant from Credit Shield. Tracking information confirms that Defendant received the request on June 19, 2015.

11.      Despite receiving this validation request, Defendant did not provide Plaintiff nor Credit Shield with the requested information. Rather, Defendant mailed Plaintiff another collection notice dated July 14, 2015.

12.     Defendant's actions were conducted without first validating Plaintiff's debt and in its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

13.     As a result of Defendant's actions as outlined above, Plaintiff has suffered and continue to suffer actual damages, including but not limited to stress, aggravation, emotional distress and mental anguish.

## COUNT I

14.     Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 13 as if reiterated herein.

15.     Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse our client in connection with the collection of the alleged debt..

WHEREFORE, Plaintiff prays for the following relief:

a.     Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b.     Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.     Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d.     Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT II

16.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 13 as if reiterated herein.

17.    Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

     a.     Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

     b.     Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

     c.     Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

     d.     Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

18.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 13 as if reiterated herein.

19.    Defendant violated 15 U.S.C. § 1692g(a) by failing to provide a proper notice to Plaintiff as required by that section.

WHEREFORE, Plaintiff prays for the following relief:

a.   Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b.   Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.   Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d.   Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT IV

20.   Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 13 as if reiterated herein.

21.   Defendant violated 15 U.S.C. § 1692g(b) by continuing to attempt collection of the alleged debt without providing verification of the alleged debt to Plaintiff after Plaintiff notified Defendant in writing that the alleged debt was disputed and continuing to attempt collection of the alleged debt without providing the name and address of the original creditor to Plaintiff after Plaintiff requested the same from Defendant in writing.

WHEREFORE, Plaintiff prays for the following relief:

a.   Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b.   Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

  c.  Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

  d.  Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT V

22. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 13 as if reiterated herein.

23. Defendant violated 15 U.S.C. § 1692g(b) by participating in collection activities and/or communication during the applicable 30-day period in which overshadowed and/or were inconsistent with the disclosure of Plaintiff's right to dispute the debt, to request verification of it and/or to request the name and address of the original creditor.

WHEREFORE, Plaintiff prays for the following relief:

  a.  Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

  b.  Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

  c.  Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

  d.  Any other legal and/or equitable relief as the Court deems appropriate.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his FDCPA claims in this action.

RESPECTFULLY SUBMITTED,

JULIO AGUILAR

By:    /s/ Jeanne Morales
        Attorney for Plaintiff

Jeanne Morales
Attorney for Plaintiff
Texas Attorney No. 24002640
Allen Chern Law, LLC
701 B West Indiana
Midland, TX 79702
Phone: (432) 682-8855
Fax: (432) 682-8857
jeanne@jeannemorales.com

7